UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **09-CV-82297-Dimitrouleas-Snow**

ARTHUR UVALDO,

                Plaintiff,

v.

                                     **JURY TRIAL DEMANDED**

VILLAGIO AT BOCA, LLC, a Florida limited
liability company, and KOSMAS A. KALAS
a/k/a "ALEX,"

                Defendants.

_____/

FILED by _____ *VT* ___ D.C.
ELECTRONIC

**Nov. 13, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT FOR DAMAGES

Plaintiff, ARTHUR UVALDO, ("UVALDO"), by and through his undersigned attorney,
files this, his Complaint for Damages against Defendants, VILLAGIO AT BOCA, LLC, a
Florida limited liability company, (hereinafter "VILLAGIO"), and KOSMAS A. KALAS, a/k/a
"Alex," (hereinafter "KALAS"), and states as follows:

### INTRODUCTION

1.  This is an action to recover unpaid overtime and minimum wage compensation
under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter
"FLSA"), the Florida Minimum Wage Act, §448.110, ("FMWA"), and Article X, §24 of the
Florida Constitution.

BOBER & BOBER, P.A.
2500 Hollywood Blvd, Suite 411 ●Hollywood, FL 33020 ● Phone (954) 922-2298● Fax (954) 922-5455

1

## JURISDICTION

2.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1367.  At all times pertinent to this Complaint, the corporate Defendant was an enterprise engaged in interstate commerce.  At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3.  The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

4.  The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

5.  The venue of this Court over this controversy is based upon the following:

    a.    The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida; and,

    b.    Defendants were and continue to be a company and an individual doing business within this judicial district.

## PARTIES

6.  At all times material hereto, Plaintiff, UVALDO, was and continues to be a resident of Deerfield Beach, Broward County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

---

BOBER & BOBER, P.A.

2500 Hollywood Blvd, Suite 411 ●Hollywood, FL  33020 ● Phone (954) 922-2298● Fax  (954) 922-5455

2

7. At all times material hereto, corporate Defendant, VILLAGIO, was conducting business in Boca Raton, Palm Beach County, Florida, with its principal place of business in that city.

8. At all times material hereto, Defendants, VILLAGIO and KALAS were the employers of Plaintiff, UVALDO.

9. At all times material hereto, Defendants, were and continue to be "employer[s]" within the meaning of the FLSA and the FMWA.

10. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, UVALDO his lawfully earned wages in conformance with the FLSA and the FMWA.

11. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

12. At all times material hereto, corporate Defendant, VILLAGIO was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all times material hereto, the work performed by Plaintiff, UVALDO, was directly essential to the business performed by Defendants.

14. Plaintiff, UVALDO, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

15. From or about January 2009 until on or about April 2009, Plaintiff was employed by the Defendants as a server at the Defendants' restaurant.

16. Plaintiff, UVALDO pay stubs reflect he was paid an hourly wage of about $4.19, and that he received tips.

BOBER & BOBER, P.A.

17. On average, the Plaintiff worked approximately fifty-four (54) hours per week, but was paid only for forty (40) or fewer hours.

18. Defendant, KALAS was a supervisor and/or manager who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiff.

19. Defendant, KALAS was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, UVALDO.

20. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIMS:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

21. Plaintiff, UVALDO, repeats and realleges Paragraphs 1 through 20 as if fully set forth herein.

22. Plaintiff, UVALDO's employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

23. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours. Plaintiff, UVALDO, was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

BOBER & BOBER, P.A.
2500 Hollywood Blvd, Suite 411 ●Hollywood, FL  33020 ● Phone (954) 922-2298● Fax  (954) 922-5455

4

24. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff, UVALDO, intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

25. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, UVALDO, at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due.

26. Defendants failed to properly disclose or apprise Plaintiff, UVALDO, of his rights under the FLSA.

27. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, UVALDO, is entitled to liquidated damages pursuant to the FLSA.

28. Due to the willful and unlawful acts of the Defendants, Plaintiff, UVALDO, has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

29. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, UVALDO, respectfully requests that judgment be entered in his favor against the Defendants:

      a.      Declaring that the Defendants, violated the overtime provisions of 29 U.S.C. § 207;

BOBER & BOBER, P.A.

b.     Awarding Plaintiff overtime compensation in the amount calculated;

c.     Awarding Plaintiff liquidated damages in the amount calculated;

d.     Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e.     Awarding Plaintiff post-judgment interest; and

f.     Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION AND THE FLORIDA MINIMUM WAGE ACT

30. Plaintiff, UVALDO, realleges Paragraphs 1 through 20 as if fully stated herein.

31. The Plaintiff was an hourly paid "employee" under the FMWA and Article X, §24 of the Florida Constitution.

32. Plaintiff was an hourly paid, "tipped" employee.

33. During the Plaintiff's employment, Defendants claimed a "tip credit" of $3.02 for the Plaintiff and paid him below the required Florida minimum wage.

34. In order for Defendants to claim a "tip credit," all tips received by Plaintiff must be absolutely retained by Plaintiff, or pooled with other "tipped" employees.

35. During Plaintiff's employment and pursuant to Defendants' policy or practice, Plaintiff tipped out or shared the tips he received from customers with the restaurant, management, kitchen workers, coffee persons, bread cutters, bartenders, and/or busboy.

36. The restaurant, management, kitchen workers, coffee persons, and/or bread cutters are not "tipped employees" and do not regularly and customarily receive tips under applicable law.

37. Defendants' failure to permit Plaintiff to retain all tips received, and Defendants' improper tip out policy or practice, invalidates the "tip credit" for Plaintiff.

38. The Plaintiff was also not paid for all his hours worked thereby resulting in his pay for each hour worked to fall below the applicable minimum wage. Defendants' failure to pay the Plaintiff the tip credit minimum wage invalidates the tip credit.

39. Since Defendants were unable to claim a "tip credit," they were required to compensate Plaintiff with at least the full Florida minimum wage of $7.21 for all hours worked.

40. During Plaintiff, UVALDO's employment, Defendants paid him less than the statutory minimum wage for all work hours.

WHEREFORE, Plaintiff, UVALDO, respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that Defendants violated Article X §23 of the Florida Constitution and the FMWA, insofar as failing to pay Plaintiff at or above the Florida minimum wage;

b. Awarding Plaintiff all back wages due and owing;

c. Awarding Plaintiff liquidated damages in the amount equal to his back wages;

d.   Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const and the FMWA, Fla. Stat. §448.110(6)(c);

e.   Awarding Plaintiff post-judgment interest;

f.   Finding that Defendants willfully violated Article X, §24 of the Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such willful violation; and,

g.   Awarding such other and further relief this Court deems to be just and proper.

## COUNT III

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

41. Plaintiff realleges and reavers Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

42. The Plaintiff was an hourly paid "employee" as defined by the FLSA.

43. Plaintiff was an hourly paid, "tipped" employee.

44. During the Plaintiff's employment, Defendants claimed a "tip credit" for the Plaintiff and paid him below the required federal minimum wage.

45. In order for Defendants to claim a "tip credit," all tips received by Plaintiff must be absolutely retained by Plaintiff, or pooled with other "tipped" employees.

46. During Plaintiff's employment and pursuant to Defendants' policy or practice, Plaintiff tipped out or shared the tips he received from customers with the restaurant, management, kitchen workers, coffee persons, bread cutters, bartenders, and/or busboy.

BOBER & BOBER, P.A.
2500 Hollywood Blvd, Suite 411 ●Hollywood, FL  33020 ● Phone (954) 922-2298● Fax  (954) 922-5455

8

47. The restaurant, management, kitchen workers, coffee persons, and/or bread cutters are not "tipped employees" and do not regularly and customarily receive tips under applicable law.

48. Defendants' failure to permit Plaintiff to retain all tips received, and Defendants' improper tip out policy or practice, invalidates the "tip credit" for Plaintiff.

49. The Plaintiff was also not paid for all his hours worked thereby resulting in his pay for each hour worked to fall below the applicable minimum wage. Defendants' failure to pay the Plaintiff the tip credit minimum wage invalidates the tip credit.

50. Since Defendants were unable to claim a "tip credit," they were required to compensate Plaintiff with at least the full federal minimum wage for all hours worked.

51. During Plaintiff, UVALDO's employment, Defendants paid him less than the statutory minimum wage for all work hours.

WHEREFORE, Plaintiff respectfully requests:

a.       judgment in his favor for all unpaid minimum wages due or payable;

b.       liquidated damages;

c.       attorney's fees and costs pursuant to the FLSA;

d.       post-judgment interest; and

e.       all other and further relief this Court deems to be just and proper.

## COUNT IV

### RETALIATION IN VIOLATION OF 29 U.S.C. § 215 AND THE FLORIDA MINIMUM WAGE ACT

BOBER & BOBER, P.A.

2500 Hollywood Blvd, Suite 411 ●Hollywood, FL  33020 ● Phone (954) 922-2298● Fax  (954) 922-5455

9

52. Plaintiff, UVALDO, realleges Paragraphs 1 through 20 as if fully stated herein.

53. Plaintiff, UVALDO engaged in statutorily protected activity when he complained to Defendant KALAS  about not being paid for all his hours worked.

54. Pursuant to 29 U.S.C. § 215 and Fla. Stat. §448.110(5), Plaintiff, UVALDO was entitled to engage in and assert FLSA protected activities and rights without retaliation.

55. The same day the Plaintiff complained about his wages to Defendant KALAS, Defendants KALAS informed the Plaintiff that the Plaintiff could leave if he was not happy about his pay, informed the Plaintiff he was not needed any more, and informed the Plaintiff he could go.

56. A causal link exists between the Defendants' decision to terminate UVALDO, and the Plaintiff, UVALDO engaging in FLSA protected activity.

57. Defendants' actions were not for a legitimate, non-retaliatory reason.

WHEREFORE, Plaintiff, UVALDO, respectfully requests that judgment be entered in his favor against the Defendants:

    a.    Declaring that Defendants retaliated against Plaintiff, UVALDO, asserting and engaging in FLSA protected conduct;

    b.    Declaring that Defendants violated 29 U.S.C. § 215 and Fla. Stat. §448.110(5);

    c.    Awarding Plaintiff, UVALDO, back pay and front pay (through age 65), respectively, in amount calculated;

    d.    Awarding Plaintiff liquidated damages in the amount calculated;

    e.    Awarding Plaintiff post-judgment interest;

f.  Awarding Plaintiff compensatory damages for emotional pain, suffering and humiliation;

g.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b) and Fla. Stat. §448.110(6)(c);

h.  Ordering reinstatement, and injunctive relief preventing Defendants from discriminating in the manner described above; and,

i.  Ordering any other and further relief this Court deems to be just and proper.

**<u>JURY DEMAND</u>**

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED:  November 12, 2009.

> Respectfully submitted,
> BOBER & BOBER, P.A.
> Attorneys for Plaintiff
> 2500 Hollywood Boulevard
> Suite 411
> Hollywood, FL 33020
> Phone: (954) 922-2298
> Fax: (954) 922-5455
> peter@boberlaw.com
> samara@boberlaw.com
>
> By: _____
>      SAMARA ROBBINS BOBER
>      FBN:  0156248
>      PETER BOBER
>      FBN: 0122955

BOBER & BOBER, P.A.

2500 Hollywood Blvd, Suite 411 ●Hollywood, FL  33020 ● Phone (954) 922-2298● Fax  (954) 922-5455

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

**I. (a) PLAINTIFFS**
ARTHUR UVALDO,

**DEFENDANTS**  VILLAGIO AT BOCA, LLC., a Florida limited liability company, and KOSMAS A. ("ALEX") KALAS,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
Bober & Bober, P.A., 2500 Hollywood Blvd, Suite 411
Hollywood, FL 33020, (954) 922-2298

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE  DADE, MONROE, BROWARD, (PALM BEACH), MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

9:09-CV-82297-WPD-Snow

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

A LABOR — ☒ 710 Fair Labor Standards Act

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Fair Labor Standards Act, 29 U.S.C. 201 et seq.

LENGTH OF TRIAL  via 3 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)   JUDGE _____   DOCKET NUMBER _____

DATE  11/12/2009   SIGNATURE OF ATTORNEY OF RECORD  Samara R. Bober

FOR OFFICE USE ONLY
360P
RECEIPT #  548064   AMOUNT _____   APPLYING IFP _____   JUDGE _____

12 of 12