UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CV-82297–DIMITROULEAS-SNOW

ARTHUR UVALDO,

      Plaintiff,

v.

VILLAGIO AT BOCA, LLC, a Florida limited
liability company, and KOSMAS A. KALAS,
a/k/a "ALEX," an individual,

      Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants, VILLAGIO AT BOCA, LLC ("Defendant Villagio") and KOSMAS A. KALAS ("Defendant Kalas") (collectively, "Defendants"), hereby file their Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Arthur Uvaldo ("Plaintiff"), and in support thereof state as follows:

## ANSWER

## COMPLAINT FOR DAMAGES

In response to the unnumbered heading, which states "Complaint for Damages," Defendants deny any allegations or implications made thereby, including any allegation that Defendants acted improperly and/or illegally against Plaintiff or that Plaintiff is entitled to any amount of damages from Defendants.

In response to the unnumbered paragraph, Defendants admit that Plaintiff purports to sue Defendants but deny that Plaintiff's claims have any merit, that Plaintiff has suffered any harm for which Defendants are liable, and that Plaintiff is entitled to any relief from Defendants.

CASE NO. 09-CV-82297–DIMITROULEAS-SNOW

## INTRODUCTION

In response to the unnumbered heading, which states "Introduction," Defendants deny any allegations or implications made thereby, including any allegation that Defendants acted improperly and/or illegally against Plaintiff or that Plaintiff is entitled to any amount of damages from Defendants.

1.      In response to paragraph 1 of the Complaint, Defendants admit that Plaintiff purports to sue Defendants for unpaid overtime and minimum wage compensation under the Fair Labor Standards Act ("FLSA"), the Florida Minimum Wage Act ("FMWA") and Article X, § 24 of the Florida Constitution, but deny that Plaintiff's claims have any merit, that Plaintiff has suffered any harm for which Defendants are liable, and that Plaintiff is entitled to any relief from Defendants.

## JURISDICTION

In response to the unnumbered heading, which states "Jurisdiction," Defendants deny any allegations or implications made thereby, including any allegation that Defendants acted improperly and/or illegally against Plaintiff or that Plaintiff is entitled to any amount of damages from Defendants.

2.      In response to paragraph 2 of the Complaint, Defendants admit that this Court has jurisdiction over claims arising under the FLSA, and as a result, supplemental jurisdiction over Plaintiff's remaining claims.  The remaining allegations in paragraph 2 of the Complaint state legal conclusions to which no response is required.  If a response is required, Defendants deny the remaining allegations in paragraph 2 of the Complaint and demand strict proof thereof.

3.      In response to paragraph 3 of the Complaint, Defendants admit that this Court has jurisdiction in this case but deny, insofar as paragraph 3 alleges or implies, that Defendants

violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff suffered or is entitled to any amount of damages or any other relief from Defendants.

4.      In response to paragraph 4 of the Complaint, Defendants admit this Court has jurisdiction in this case and that Defendants operate, conduct, engage in, and/or carry on business in South Florida but deny, insofar as paragraph 4 alleges or implies, that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff suffered or is entitled to any amount of damages or any other relief from Defendants.  Defendants deny the remaining allegations in paragraph 4 of the Complaint and demand strict proof thereof.

## VENUE

In response to the unnumbered heading, which states "Venue," Defendants deny any allegations or implications made thereby, including any allegation that Defendants acted improperly and/or illegally against Plaintiff or that Plaintiff is entitled to any amount of damages from Defendants.

5.      In response to paragraph 5 of the Complaint, Defendants admit that venue is appropriate in the Southern District of Florida but deny, insofar as paragraph 5 alleges or implies, that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff suffered or is entitled to any amount of damages or any other relief from Defendants. Defendants deny the allegations in subparagraph A of the Complaint and demand strict proof thereof.  In response to subparagraph B, Defendant Villagio admits that it is a company doing business in South Florida, and Defendant Kalas admits that he conducts business in South Florida.  Defendants deny the remaining allegations in paragraph 5 of the Complaint and demand strict proof thereof.

CASE NO. 09-CV-82297–DIMITROULEAS-SNOW

## **PARTIES**

In response to the unnumbered heading, which states "Parties," Defendants deny any allegations or implications made thereby, including any allegation that Defendants acted improperly and/or illegally against Plaintiff or that Plaintiff is entitled to any amount of damages from Defendants.

6.      In response to paragraph 6 of the Complaint, Defendants are without sufficient knowledge to admit or deny Plaintiff's county of residence and therefore, deny that Plaintiff is a resident of Deerfield Beach, Broward County, Florida.  The remaining allegations in paragraph 6 of the Complaint state legal conclusions to which no response is required.  If a response is required, Defendants deny the remaining allegations in paragraph 6 of the Complaint and demand strict proof thereof.

7.      In response to paragraph 7 of the Complaint, Defendant Villagio admits that it conducts business and has its principal place of business in Boca Raton, Palm Beach County, Florida.

8.      In response to paragraph 8 of the Complaint, Defendant Villagio admits that it was Plaintiff's employer. Defendants deny the remaining allegations in paragraph 8 of the Complaint and demand strict proof thereof.

9.      The allegations in paragraph 9 of the Complaint state legal conclusions to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 9 of the Complaint and demand strict proof thereof.

10.      Defendants deny the allegations in paragraph 10 of the Complaint and demand strict proof thereof.

11.     Defendants deny the allegations in paragraph 11 of the Complaint and demand strict proof thereof.

12.     The allegations in paragraph 12 of the Complaint state legal conclusions to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 12 of the Complaint and demand strict proof thereof.

13.     Defendants admit that the work performed by Plaintiff was directly essential to the business performed by Defendant Villagio.  Defendants deny the remaining allegations in paragraph 13 of the Complaint and demand strict proof thereof.

14.     Defendants deny the allegations in paragraph 14 of the Complaint and demand strict proof thereof.

## STATEMENT OF FACTS

In response to the unnumbered heading, which states "Statement of Facts," Defendants deny any allegations or implications made thereby, including any allegation that Defendants acted improperly and/or illegally against Plaintiff or that Plaintiff is entitled to any amount of damages from Defendants.

15.     In response to paragraph 15 of the Complaint, Defendants admit that Plaintiff was employed by Defendant Villagio from January 2009 until March 2009 as a server at Defendant Villagio's restaurant.  Defendants deny the remaining allegations in paragraph 15 of the Complaint and demand strict proof thereof.

16.     In response to paragraph 16 of the Complaint, Defendants admit that Plaintiff was paid an hourly wage of $4.19 and received tips.  Defendants deny the remaining allegations in paragraph 16 of the Complaint and demand strict proof thereof.

17.     Defendants deny the allegations in paragraph 17 of the Complaint and demand strict proof thereof.

18.     Defendants deny the allegations in paragraph 18 of the Complaint and demand strict proof thereof.

19.     Defendants deny the allegations in paragraph 19 of the Complaint and demand strict proof thereof.

20.     In response to paragraph 20 of the Complaint, Defendants are without sufficient knowledge to admit to deny whether Plaintiff retained Bober & Bober, P.A. to represent him in this litigation and whether he has agreed to pay the firm a reasonable fee for its service and therefore deny the allegations contained in paragraph 20 of the Complaint and demand strict proof thereof.

**STATEMENT OF CLAIMS:**

**COUNT I**
**VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)**

In response to the unnumbered heading, which states "Statement of Claims: Count I Violation of 29 U.S.C. §207 (Unpaid Overtime)," Defendants deny any allegations or implications made thereby, including any allegation that Defendants acted improperly and/or illegally against Plaintiff or that Plaintiff is entitled to any amount of damages from Defendants.

21.     Defendants reaffirm and reaver their prior answers to paragraphs 1 through 20 as re-alleged in paragraph 21 of the Complaint.

22.     In response to paragraph 22 of the Complaint, Defendants admit that under the FLSA Plaintiff was entitled to receive overtime compensation for hours he worked over 40 hours per week.  Defendants deny the remaining allegations in paragraph 22 of the Complaint and demand strict proof thereof.

CASE NO. 09-CV-82297–DIMITROULEAS-SNOW

23.    In response to paragraph 23 of the Complaint, Defendants admit that Plaintiff worked more than forty hours during one week of his employment with Defendant Villagio and was paid accordingly pursuant to federal and state laws.  Defendants also admit that Plaintiff was entitled under law to receive overtime compensation for hours he worked over 40 hours per week.  Defendants deny the remaining allegations in paragraph 23 of the Complaint and demand strict proof thereof.

24.    In response to paragraph 24 of the Complaint, Defendant Villagio admits that it has in its possession, custody and control Plaintiff's pay and time records.  Defendants are without sufficient knowledge to admit or deny what Plaintiff "intends" to do through discovery and therefore deny the remaining allegations in paragraph 24 of the Complaint and demand strict proof thereof.

25.    Defendants deny the allegations in paragraph 25 of the Complaint and demand strict proof thereof.

26.    Defendants deny the allegations in paragraph 26 of the Complaint and demand strict proof thereof.

27.    Defendants deny the allegations in paragraph 27 of the Complaint and demand strict proof thereof.

28.    Defendants deny the allegations in paragraph 28 of the Complaint and demand strict proof thereof.

29.    Defendants deny the allegations in paragraph 29 of the Complaint and demand strict proof thereof.

In response to the Wherefore Clause of Count I of the Complaint, Defendants deny that Plaintiff is entitled to the relief requested therein, including attorneys' fees and costs, and demand strict proof thereof.

## COUNT II
## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION
## AND THE FLORIDA MINIMUM WAGE ACT

In response to the unnumbered heading, which states "Count II Violation of Article X, § 24, Florida Constitution and the Florida Minimum Wage Act," Defendants deny any allegations or implications made thereby, including any allegation that Defendants acted improperly and/or illegally against Plaintiff or that Plaintiff is entitled to any amount of damages from Defendants.

30.     Defendants reaffirm and reaver their prior answers to paragraphs 1 through 20 as re-alleged in paragraph 30 of the Complaint.

31.     Defendants admit that Plaintiff was paid hourly.   The remaining allegations in paragraph 31 of the Complaint state legal conclusions to which no response is required.   If a response is required, Defendants deny the allegations in paragraph 31 of the Complaint and demand strict proof thereof.

32.     In response to paragraph 32 of the Complaint, Defendants admit that Plaintiff was paid an hourly rate and received tips.   To the extent the allegations in paragraph 32 of the Complaint state legal conclusions, no response is required.   If a response is required, Defendants deny the allegations in paragraph 32 of the Complaint and demand strict proof thereof. Defendants deny the remaining allegations in paragraph 32 of the Complaint and demand strict proof thereof.

33.     In response to paragraph 33 of the Complaint, Defendant Villagio admits that it claimed a tip credit for Plaintiff but denies, insofar as paragraph 33 alleges or implies, that

CASE NO. 09-CV-82297–DIMITROULEAS-SNOW

Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff suffered or is entitled to any amount of damages or any other relief from Defendants. Defendants deny the remaining of the allegations in paragraph 33 of the Complaint and demand strict proof thereof.

34.     The allegations in paragraph 34 of the Complaint state legal conclusions to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 34 of the Complaint and demand strict proof thereof.

35.     In response to paragraph 35 of the Complaint, Defendants admit that during Plaintiff's employment with Defendant Villagio, Plaintiff participated in a tip pool whereby tips were pooled and split with certain employees.  Defendants deny the remaining allegations in paragraph 35 of the Complaint and demand strict proof thereof.

36.     The allegations in paragraph 36 of the Complaint state legal conclusions to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 36 of the Complaint and demand strict proof thereof.

37.     Defendants deny the allegations in paragraph 37 of the Complaint and demand strict proof thereof.

38.     Defendants deny the allegations in paragraph 38 of the Complaint and demand strict proof thereof.

39.     Defendants deny the allegations in paragraph 39 of the Complaint and demand strict proof thereof.

40.     Defendants deny the allegations in paragraph 40 of the Complaint and demand strict proof thereof.

CASE NO. 09-CV-82297–DIMITROULEAS-SNOW

In response to the Wherefore Clause of Count II of the Complaint, Defendants deny that Plaintiff is entitled to the relief requested therein, including attorneys' fees and costs, and demand strict proof thereof.

**COUNT III**
**VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGE)**

In response to the unnumbered heading, which states "Count III Violation of 29 U.S.C. §206 (Unpaid Minimum Wage)," Defendants deny any allegations or implications made thereby, including any allegation that Defendants acted improperly and/or illegally against Plaintiff or that Plaintiff is entitled to any amount of damages from Defendants.

41.     Defendants reaffirm and reaver their prior answers to paragraphs 1 through 20 as re-alleged in paragraph 41 of the Complaint.

42.     The allegations in paragraph 42 of the Complaint state legal conclusions to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 42 of the Complaint and demand strict proof thereof.

43.     In response to paragraph 43 of the Complaint, Defendants admit that Plaintiff was paid an hourly rate and received tips.  To the extent the allegations in paragraph 43 of the Complaint state legal conclusions, no response is required.  If a response is required, Defendants deny the allegations in paragraph 43 of the Complaint and demand strict proof thereof. Defendants deny the remaining allegations in paragraph 32 of the Complaint and demand strict proof thereof.

44.     In response to paragraph 44 of the Complaint, Defendant Villagio admits that it claimed a tip credit for Plaintiff but denies, insofar as paragraph 44 alleges or implies, that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff suffered or is entitled to any amount of damages or any other relief from Defendants.

Defendants deny the remaining of the allegations in paragraph 44 of the Complaint and demand strict proof thereof.

45.     The allegations in paragraph 45 of the Complaint state legal conclusions to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 45 of the Complaint and demand strict proof thereof.

46.     In response to paragraph 46 of the Complaint, Defendants admit that during Plaintiff's employment with Defendant Villagio, Plaintiff participated in a tip pool whereby tips were pooled and split with certain employees.  Defendants deny the remaining allegations in paragraph 46 of the Complaint and demand strict proof thereof.

47.     The allegations in paragraph 47 of the Complaint state legal conclusions to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 47 of the Complaint and demand strict proof thereof.

48.     Defendants deny the allegations in paragraph 48 of the Complaint and demand strict proof thereof.

49.     Defendants deny the allegations in paragraph 49 of the Complaint and demand strict proof thereof.

50.     Defendants deny the allegations in paragraph 50 of the Complaint and demand strict proof thereof.

51.     Defendants deny the allegations in paragraph 51 of the Complaint and demand strict proof thereof.

In response to the Wherefore Clause of Count III of the Complaint, Defendants deny that Plaintiff is entitled to the relief requested therein, including attorneys' fees and costs, and demand strict proof thereof.

CASE NO. 09-CV-82297–DIMITROULEAS-SNOW

## COUNT IV
## RETALIATION IN VIOLATION OF 29 U.S.C. § 215
## AND THE FLORIDA MINIMUM WAGE ACT

In response to the unnumbered heading, which states "Count IV Retaliation in Violation of 29 U.S.C. § 215 and the Florida Minimum Wage Act" Defendants deny any allegations or implications made thereby, including any allegation that Defendants acted improperly and/or illegally against Plaintiff or that Plaintiff is entitled to any amount of damages from Defendants.

52.     Defendants reaffirm and reaver their prior answers to paragraphs 1 through 20 as re-alleged in paragraph 52 of the Complaint.

53.     In response to paragraph 53 of the Complaint, Defendants deny that Plaintiff ever complained about not being paid for all of the hours he worked and demand strict proof thereof. The remaining allegations in paragraph 53 of the Complaint state legal conclusions to which no response is required.   If a response is required, Defendants deny the remaining allegations in paragraph 53 of the Complaint and demand strict proof thereof.

54.     The allegations in paragraph 54 of the Complaint state legal conclusions to which no response is required.   If a response is required, Defendants deny the allegations in paragraph 54 of the Complaint and demand strict proof thereof.

55.     Defendants deny the allegations in paragraph 55 of the Complaint and demand strict proof thereof.

56.     The allegations in paragraph 56 of the Complaint state legal conclusions to which no response is required.   If a response is required, Defendants deny the allegations in paragraph 56 of the Complaint and demand strict proof thereof.

57.   Defendants deny the allegations in paragraph 57 of the Complaint and demand strict proof thereof.

In response to the Wherefore Clause of Count IV of the Complaint, Defendants deny that Plaintiff is entitled to the relief requested therein, including attorneys' fees and costs, and demand strict proof thereof.

## GENERAL DENIAL

Defendants deny all allegations, requests for relief, captions, headings or notes throughout the Complaint that are not specifically admitted by Defendants.

## AFFIRMATIVE DEFENSES

Subject to, but without waiving the above denials, Defendants allege the following further and separate affirmative defenses:

1.   The Complaint fails to state a claim against Defendants upon which relief can be granted.

2.   Defendants have violated no legal or contractual duty owed to Plaintiff. Therefore, Plaintiff is not entitled to recover against Defendants.

3.   Plaintiff has been paid all wages which were due and owing to which he was entitled to.

4.   If Plaintiff proves that Defendants acted in violation of the FLSA or FMWA, such actions were not willful or reckless but rather were in good faith and based on a reasonable belief that such actions were not in violation of the FLSA or FMWA and all other applicable laws. Thus, neither liquidated damages nor an extended statute of limitations is warranted.

5.   Plaintiff's claims for unpaid wages, if any, are *de minimus*, and therefore not subject to payment and do not violate the FLSA or the FMWA.

6.      Defendants did not know nor showed reckless disregard for whether their conduct violated the FLSA.  At all times, Defendants acted in good faith and believed then and believe now that their actions fully complied with the FLSA.  Therefore, liquidated damages should not be awarded.

7.      Defendants did not know nor showed reckless disregard for whether their conduct violated the FMWA.  At all times, Defendants acted in good faith and believed then and believe now that their actions fully complied with the FMWA.  Therefore, liquidated damages should not be awarded.

8.      Defendants cannot be held liable for liquidated damages in the circumstances of this case because Defendants at all times acted in good faith and had reasonable grounds for believing their acts or omissions were not in violation of the FLSA or FMWA or other applicable laws and believed then and believe now that their actions fully complied with the law.

9.      To the extent that Plaintiff engaged in activities during alleged work time that were personal in nature, were not for the benefit of Defendants, or did not involve physical or mental exertion controlled or required by Defendants, Plaintiff's claims are barred.  In addition, Plaintiff's claims are barred as to any alleged overtime not known to Defendants.

10.      Plaintiff's claims may be barred by the doctrine of estoppel if Plaintiff fraudulently represented that he worked certain hours, Defendants paid him for those hours, and Defendants reasonably relied on those representations to Defendants' detriment.

11.      Defendants are relieved of any liability to Plaintiff due to their good faith conformance and reliance on administrative regulations, written orders, rulings, approvals, or interpretations by the Administrator of the Wage/Hour Division of the Department of Labor or administrative practices or enforcement policies of such agencies.

CASE NO. 09-CV-82297–DIMITROULEAS-SNOW

12.     If Defendants violated the FLSA or FMWA or Florida's Constitution, they are entitled to a set-off from any amount awarded based on Plaintiff being compensated for hours that they did not work.

13.     As Defendant Villagio's former employee, Plaintiff lacks standing to seek any equitable relief, including injunctive relief, from Defendants.

14.     Defendant Kalas was not Plaintiff's employer, and therefore, Plaintiff is not entitled to recover against him under the FLSA or FMWA.

15.     Defendants are not "employers" under the FLSA and therefore, not liable under the act.

16.     Plaintiff's claim for retaliation fails because Defendants did not know that Plaintiff engaged in any alleged protected activity at the time of his discharge.

17.     Plaintiff's claim for retaliation fails because Plaintiff never engaged in any protected activity.

18.     Defendants state that Plaintiff is barred from recovery because no adverse action was taken against Plaintiff in retaliation for complaining about his pay.

19.     Plaintiff's claim for retaliation fails because there is no causal connection between the alleged protected conduct and the alleged adverse employment action.

20.     Defendants state that any adverse employment action was predicated upon grounds other than, and would have been taken absent, Plaintiff's alleged engagement in protected activity.

21.     Defendants had a legitimate, non-retaliatory reason for termination Plaintiff.

22.     Plaintiff failed to mitigate his damages, if any.

23.     Defendants state that Plaintiff's damages are limited by collateral source(s).

CASE NO. 09-CV-82297–DIMITROULEAS-SNOW

24.     Defendants state that Plaintiff acted in such a manner as to cause all or part of his damages and therefore, his recovery, if any, should be barred or reduced accordingly.

25.     Plaintiff has sustained no injury or damage as a result of any action or inaction taken by Defendants.

26.     Plaintiff's damages, if any, are limited by the doctrine of after-acquired evidence.

27.     Defendants are not liable for emotional distress since these injuries are not the result of any conduct by Defendants.

## RESERVATION OF RIGHTS

Defendants hereby give notice that they intend to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery, and thus, Defendants reserve the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Affirmative Defenses.

WHEREFORE, Defendants respectfully request that the Court enter judgment in Defendants' favor, dismissing Plaintiff's claims with prejudice and awarding Defendants their costs and reasonable attorneys' fees.

Respectfully submitted this 21st day of December 2009,

s/ Chad K. Lang
Attorneys for Defendants
Chad K. Lang
Florida Bar No. 0156922
clang@fordharrison.com
Diane P. Perez
Florida Bar No. 41869
dperez@fordharrison.com
100 S.E. 2nd Street, Suite 2150
Miami, Florida 33131
Telephone: (305) 808-2100
Facsimile: (305) 808-2101

CASE NO. 09-CV-82297–DIMITROULEAS-SNOW

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served to counsel of record, as listed below, via CM/ECF on this the 21st day of December 2009.

Attorneys for Plaintiff:
Samara Bober
samara@boberlaw.com
Peter Bober
peter@boberlaw.com
BOBER & BOBER
2500 Hollywood Blvd., Suite 411
Hollywood, FL 33020
Phone: (954) 922-2298
Fax: (954) 922-5455

s/ Chad K. Lang
Attorney for Defendants

Miami:120395.1